UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SIDNEI MCCARTY,
Plaintiff,

Case No. 1:25-cv-01185-RJJ-SJB

v.

HERITAGE BROADCASTING
GROUP, INC., and
HERITAGE BROADCASTING
COMPANY OF MICHIGAN, INC.,

Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants move to dismiss under Rule 12 and, in the alternative, seek summary judgment under Rule 56. The Motion should be denied. At the pleading stage, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in her favor. Defendants' arguments depend on disputed facts and materials outside the pleadings; if the Court considers those materials, Rule 12(d) requires conversion to summary judgment and a reasonable opportunity for discovery. In any event, the Complaint plausibly alleges that both Defendants acted as Plaintiff's employer and are liable for the race- and disability-based discrimination and retaliation alleged. Further, Defendants' 90-day timeliness argument applies only to the Title VII and ADA counts, not Plaintiff's § 1981 and

state law claims, and Plaintiff has alleged timely receipt of the EEOC Notice of Right to Sue.

## ARGUMENT

I. STANDARD OF REVIEW AND RULE 12(d)

A Rule 12(b)(6) motion tests the sufficiency of the pleadings; the Court must accept the Complaint's factual allegations as true and determine whether they plausibly state a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A plaintiff is not required to plead a prima facie case to survive a motion to dismiss. *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Where, as here, a movant relies on matters outside the pleadings, Rule 12(d) provides that the motion must be treated as one for summary judgment if the Court considers those materials. *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). Conversion is inappropriate without notice and a reasonable opportunity to take discovery, particularly on disputed issues such as employer status and the circumstances of Plaintiff's receipt of the right-to-sue letter.

II. DEFENDANTS' FACT-BOUND ATTACK ON "EMPLOYER" STATUS CANNOT BE RESOLVED ON A MOTION TO DISMISS

Defendants' primary argument is that Plaintiff "was never employed" by Heritage Broadcasting Group, Inc. This is a merits issue that turns on the realities of the relationship between the entities and Plaintiff's day-to-day work, not on select documents Defendants have attached to their Motion. Plaintiff alleges that Defendants operated as a single, integrated enterprise and/or joint employers that controlled the terms and conditions of her employment, including discipline and termination. At the pleading stage, that allegation is more than sufficient.

The Sixth Circuit recognizes "integrated enterprise" and "joint employer" theories in employment cases, focusing on common ownership, common management, interrelation of operations, and centralized control of labor relations (integrated enterprise), and on actual control over employment conditions (joint employer). *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993–95 (6th Cir. 1997); *EEOC v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013). Discovery is necessary to determine which entity (or both) exercised the requisite control.

If the Court were to consider Defendants' extrinsic exhibits on this issue, Rule 12(d) requires conversion to summary judgment. Conversion is particularly inappropriate at this early stage because Plaintiff has had no opportunity to conduct discovery into Defendants' ownership, management structure, HR/payroll functions,

and control over the challenged employment decisions – issues Defendants themselves place at the center of their Motion.

    III.    THE FAILURE-TO-NAME ARGUMENT DOES NOT WARRANT DISMISSAL AT THE PLEADING STAGE

Defendants next contend that Plaintiff failed to file an EEOC charge against Heritage Broadcasting Group, Inc. Administrative exhaustion under Title VII is not jurisdictional; it is a claim-processing rule that may be forfeited, and it is ordinarily ill-suited for resolution on a Rule 12(b)(6) motion. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019).

Moreover, the Sixth Circuit recognizes an "identity of interest" exception to the naming requirement where the unnamed party's interests are so similar to the named party's that it had notice and an opportunity to participate in conciliation. *Romain v. Kurek*, 836 F.2d 241, 245–46 (6th Cir. 1987). Plaintiff's charge identified the Heritage Broadcasting employer entity and complained of discrimination arising from her employment; at minimum, the pleading-stage record does not permit dismissal based on Defendants' fact-bound assertions about corporate structure and notice.

Finally, Defendants' exhaustion argument has no application to Plaintiff's § 1981 counts, which do not require an EEOC charge. Even if the Court were to later conclude that Title VII/ADA claims may proceed only against the charged entity,

that would not justify dismissal of Plaintiff's federal § 1981 claims or the case as a whole.

IV. DEFENDANTS HAVE NOT ESTABLISHED THAT PLAINTIFF'S TITLE VII AND ADA CLAIMS ARE UNTIMELY

Defendants argue that the Title VII and ADA counts are time-barred based on a rebuttable presumption that an EEOC right-to-sue letter is received five days after mailing. *See Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986). Timeliness, however, is an affirmative defense, and dismissal is appropriate only when the complaint affirmatively shows the claim is time-barred. *Truitt v. County of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998).

Here, the Complaint alleges that the EEOC mailed the Notice of Right to Sue on June 11, 2025 and that Plaintiff received it on July 15, 2025. Taking that allegation as true, Plaintiff's October 3, 2025 filing was within 90 days of receipt. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557–58 (6th Cir. 2000). Defendants' insistence on a different "presumed" receipt date depends on disputed facts and materials outside the pleadings and cannot support dismissal under Rule 12(b)(6).

In any event, even if a timeliness dispute existed as to the Title VII/ADA counts, Defendants' argument would not reach Plaintiff's § 1981 and state law counts, which are not governed by Title VII's 90-day filing window. Defendants' request to dismiss the entire action is therefore overbroad.

V.      THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Defendants ask the Court to decline supplemental jurisdiction if any federal claims are dismissed. Plaintiff's § 1981 claims independently invoke federal-question jurisdiction, and the state law claims arise from the same nucleus of operative facts. The Court should therefore retain supplemental jurisdiction under 28 U.S.C. § 1367(a).

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. In the alternative, if the Court determines that any pleading clarification would be helpful, Plaintiff requests leave to amend under Rule 15(a)(2), and has submitted a separate motion addressing the same.

                                                                     Respectfully submitted,

*/s/ Thameka I. Hall*
Thameka I. Hall (P79693)
CARLA D. AIKENS, P.C.
Attorneys for Plaintiff
615 Griswold Street, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
thameka@aikenslawfirm.com

Dated: January 26, 2026

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word-limit of W.D. Mich. LCivR 7.2(b)(i) because it contains 1,072 words, excluding the parts of the brief exempted by LCivR 7.2(b)(ii). This word count was determined using Microsoft Word for Microsoft 365.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through the electronic filing system on January 26, 2026 by:

*/s/ Mykelin Izeluk*