UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEI McCARTY

    Plaintiff,

vs.

HERITAGE BROADCASTING GROUP, INC., et al.,

    Defendant.

Case No.: 1:25-cv-1185

Honorable ROBERT J. JONKER
Magistrate Judge Sally J. Berens

---

Carla D. Aikens (P69530)
Thameka I. Hall (P79693)
CARLA D. AIKENS PLC
Attorneys for Plaintiff
615 Griswold Street, Ste. 709
Detroit, Michigan 48226
Phone: 844-835-2993
carla@aikenslawfirm.com
thameka@aikenslawfirm.com

Howard I. Wallach (P29921)
FOLEY MANSFIELD, PLLP
Attorneys for Defendants
130 East 9 Mile
Ferndale, Michigan 48220
Phone: 248-721-8161
Fax: (248) 721-4201
hwallach@foleymansfield.com

---

**JOINT RULE 26(f) REPORT**
**AND PROPOSED DISCOVERY PLAN**

Plaintiff Sidnei McCarty ("Plaintiff") and Defendants Heritage Broadcasting Group, Inc., and Heritage Broadcasting Company of Michigan ("Defendants"), by and through their respective counsel, and pursuant to Fed. R. Civ. P. 26(f), present to the Court the following Joint Rule 26(f) Report and Proposed Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for February 20, 2026 at 2 PM in person before the Hon. Robert J. Jonker, Courtroom 699, Ford Federal Building, 110 Michigan Ave. N.W., Grand Rapids, Michigan.

Thameka Hall will be appearing on behalf of Plaintiff.

Howard I. Wallach will be appearing on behalf of Defendants.

**1.** **Jurisdiction:** This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Complaint alleges "Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331. The Complaint includes Supplemental State Law Claims for (1) discrimination on the basis of race in violation of the Elliott Larsen Civil Rights Act (Count III), Retaliation in Violation of the Michigan Elliott Larsen Civil Rights Act (Count IV), Discrimination on the Basis of Disability in Violation of the Michigan Persons with Disability Act (Count VIII) and Wrongful Discharge in Violation of Michigan Public Policy (Mislabeled Count VII when in fact it is Count IX.

**2.** Jury or Non-Jury. This case is to be tried before a jury.

**3.** Judicial Availability. The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.  **Statement of the Case:**

(a) **Plaintiff's summary**: Plaintiff, Sidnei McCarty, an African American disabled woman employed as a TV Host and Executive Producer with Defendants, beginning on or about July 17, 2022, brought this matter against Defendant for claims of discrimination and retaliation in violation of Title VII, ADA, ELCRA, PWDCRA, and Michigan public policy when she was terminated following a request for accommodation and reporting complaints of discrimination and retaliation based on race and disability. Throughout her employment with Defendant, Plaintiff was subjected to unfair heightened scrutiny, unattainable job expectations, and excessive workloads in comparison to her white male counterparts.

(b) **Defendant's summary**: Plaintiff has alleged federal and state law claims for race discrimination, disability discrimination, retaliation and violation of Michigan public policy. Plaintiff has improperly named Heritage Broadcasting Group, Inc. as a defendant in this case purportedly because it was one of her employers. Plaintiff has never been employed by Heritage Broadcasting Group, Inc., was never issued a W-2, IRS 1099 or other similar form that would confirm she was employed by that entity and compensated for her services. Further, Heritage Broadcasting Group, Inc. never entered into an employment agreement with Plaintiff. Heritage Broadcasting Group, Inc. has never had any employees since it was incorporated. Plaintiff was employed by Heritage Broadcasting Company of

3

Michigan pursuant to a written employment agreement. She was terminated for cause approximately six months after being hired. Plaintiff did not file a Charge of Discrimination with the EEOC against Heritage Broadcasting Group, Inc. Additionally, Plaintiff did not file her Complaint in this case within 90+5 days of the date of her EEOC Dismissal and Notice of Rights (Right-to-Sue Letter) was issued on June 11, 2025 despite the letter being sent to Plaintiff at the address she provided to the EEOC and her counsel, Carla Aiken at 615 Griswold, Detroit, MI 48226. From the defense perspective, the Court must decide whether Plaintiff (1) ever filed a Charge of Discrimination against Heritage Broadcasting Group, Inc., (2) was ever employed by Heritage Broadcasting Group, Inc., (3) filed her Complaint in this case in a timely manner because, even if she did not receive the EEOC's Notice of Dismissal and Right-to- Sue letter, it is clear her counsel of record was sent a copy simultaneously. Depending on the decisions with respect to those issues, the Court would then need to determine whether it would retain jurisdiction over the state law claims since all federal claims would be dismissed except for the §1981 discrimination relating to contract claim.

**5.** Joinder of Parties and Amendment of Pleadings. The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by April 30, 2026. Defendants have not yet filed their Answer to Complaint because of their pending Motion to Dismiss or in the Alternative for

Summary Judgment. Defendants do not expect to file any motions for joinder of parties or to amend their pleadings once filed.

**6.** Disclosures and Exchanges.

(i). Fed.R.Civ.P. 26(a)(1) disclosures: The Parties propose such disclosures be made by March 31, 2026.

(ii). Fed.R.Civ.P. 26(a)(2) disclosures: The Parties propose such disclosures be made by July 31, 2026.

(iii). Fed.R.Civ.P. 26(a)(3) disclosures: The Parties propose that the disclosures required by subsection (3) of this rule be made at least 60 days before the close of discovery.

(iv). Plaintiff does not have any production to make available to Defendants at this time.

Defendants agree to make available to Plaintiff the following items without the need of a formal request for production <u>by March 31, 2026</u>:

1. Plaintiff's employment agreement with Heritage Broadcasting Company of Michigan.

2. The letter of termination and all attached exhibits.

3. Employee handbook for Heritage Broadcasting Company of Michigan.

4. Notice of plaintiff being placed on paid administrative leave.

5. Medical records provided to Heritage Broadcasting Company of Michigan by Plaintiff.

6. A copy of a segment of Good Day Northern Michigan dated January 17, 2023.

7. Incorporation documents for Heritage Broadcasting Company of Michigan.

8. Incorporation documents for Heritage Broadcasting Group, Inc.

9. Plaintiff's personnel file from Heritage Broadcasting Company of Michigan.

10. A copy of a recorded statement from Plaintiff dated January 25, 2023.

11. A copy of Plaintiff's W-2 statements from Heritage Broadcasting Company of Michigan for 2022 and 2023.

**7.    Discovery:** The Parties believe that all discovery proceedings can be completed by December 31, 2026. The Parties will exchange written discovery and schedule necessary depositions. There are no anticipated discovery disputes at this time. A proposed discovery plan follows:

    (a)    **Discovery Summary:**

        1)    Discovery will be needed on the following subjects: (i) Plaintiff's claims; (ii) Plaintiff's alleged damages; (iii) Defendant's

affirmative and other defenses; (v) all other relevant subject areas as necessary.

        2)    The Parties will seek written discovery including interrogatories, requests for production of documents, requests for admissions, as well as depositions and other applicable forms of discovery.

        3)    The Parties believe it may take up to 10 months to complete discovery. The parties do not object to the 25 interrogatory limit but assume the interpretation of single part questions is consistent with case law that permits subparts to questions provided they are related to the principal question. The Parties have no objection to the limitation of 10 depositions per side. Defendants believe there is a possibility more may be necessary for Defendants. The Parties do not object to the one day, seven-hour limitations for depositions.

    (b)    **Changes to Limitation on Discovery:** The Parties do not believe that any changes must be made regarding the limitations imposed on discovery by the Federal Rules of Civil Procedure.

    (c)    **Protective Order:** At this time, the Parties do not foresee issues relating to the need for a protective order in this matter. As the Parties engage in discovery, they will determine whether a protective order will be necessary.

      (d)    **Assertion of Claims of Privilege or Work-Product Immunity After Production**. If the Parties submit a protective order regarding the discovery of confidential information for the Court's approval, they will abide by the Court's requirements concerning protective orders. Pursuant to FRE 502 (d) and (e), the Parties agree to protection of privileged and otherwise protected Documents against claims of waiver and will include appropriate provisions concerning such protection in a protective order, if necessary.

    8.    **Electronic Discovery:** At this time, the Parties do not foresee issues relating to the disclosure or discovery of electronically stored information. To the extent that electronic discovery is sought, the Parties may submit all discovery responses in electronic format. The Parties reserve the right to make production of ESI in pdf format or native format for excel documents. The Parties may request the return of all previously furnished documents or ESI that have been designated Confidential, including any copies thereof, and each person or party to whom such Confidential information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Provided however, counsel for the parties may retain their complete file, including any Confidential information, pleadings, motion papers, deposition transcripts in a secure location.

    9.    **Settlement:** There were settlement discussions with prior counsel for Plaintiff which were unsuccessful with resolving Plaintiff's claims. In addition, the

parties, through their current counsel participated in mediation with Michigan Department of Civil Rights during the investigative stage but were not successful in resolving any claims. The Parties are open to methods of alternative dispute resolution generally, including private mediation or a settlement conference with Magistrate Judge Berens.

    **10.**    Motions. The parties anticipate that all dispositive motions will be filed by 60 days after the close of discovery. The parties acknowledge it is the policy of the Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party is made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    **11.**    Alternative Dispute Resolution. Plaintiff believes it is in the best interest of the parties to submit to voluntary facilitative mediation and Defendants agree to such a process identifying the facilitator from the approved list published by the Court.

    **12.**    Length of Trial. Plaintiff anticipates the trial will last a total of _6_ days allocated as follows: ___3___ days for Plaintiff's case, __3__ days for Defendants' case.

Prospects of Settlement: Plaintiff believes the prospects of settlement at this time are somewhat likely. Defendants believe the prospects of settlement at this time are poor.

12. Electronic Document Filing System: Counsel are reminded that attorneys are required to file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has specifically been exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

13. Defendants believe the issues raised in their pending Motion to Dismiss or in the Alternative for Summary Judgment should be resolved prior to any extensive discovery commencing because the outcome will have a significant impact on the discovery necessary and whether this case remains in federal court or not.

14. Order of Referral: a United States magistrate judge may be designated to assist in the processing of this case, and is invested by the powers conferred under 28 U.S.C. §636(b)(1)(A).

15. Case Manager: Any question concerning this Order or the scheduling conference should be directed to Stephanie Carpenter, Case Manager, at stephanie_carpenter@miwd.uscourts.gov.

SO AGREED.

| /s/ Carla D. Aikens | /s/ Howard I. Wallach (w/ consent) |
|---|---|

| | |
|---|---|
| Carla D. Aikens (P69530) | Howard I. Wallach (P29921) |
| carla@aikenslawfirm.com | hwallach@foleymansfield.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: 2/13/2026 | Dated: 2/13/2026 |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on February 13, 2026, via:

|          |              |          |                |
|----------|--------------|----------|----------------|
| _____   | U. S. Mail   | _____   | Facsimile      |
| __X__    | ECF Filing   | _____   | Hand Delivery  |
| _____   | E-Mail       | _____   | Federal Express|

/s/ *Thameka J. Hall*