UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SIDNEI MCCARTY,

        Plaintiff,                            Case No. 1:25–cv–01185–RJJ–SJB

    v.                                  Hon. Robert J. Jonker

HERITAGE BROADCASTING GROUP,
INC., et al.,

        Defendants.
_____/


## NOTICE OF APPOINTMENT OF FACILITATIVE MEDIATOR

This matter has been referred to facilitative mediation, to be conducted in accordance with W.D. Mich. LCivR 16.3 and the Voluntary Facilitative Mediation Program Description adopted by the Court.

TAKE NOTICE that **Kelly E. Eisenlohr–Moul** is hereby appointed Mediator. The Mediator shall be paid an hourly rate of **$350.00 per hour**, which shall be assessed in as many equal parts as there are represented parties. In the event of noncompliance, the Mediator may petition the Court to direct payment of the outstanding fees. The initial facilitative mediation session shall take place **on or before January 15, 2027**, and shall take place at the time and location designated by the Mediator. The Mediator has the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute. All parties, or individuals with full settlement authority, are required to attend the mediation session(s). All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record. Corporate parties must be represented by an agent with the authority to negotiate a binding settlement.

FURTHER, not less than seven (7) days prior to the scheduled mediation session, each party is to provide the Mediator with a concise memorandum, no more than ten (10) double–spaced pages, setting forth that party's position concerning the issues to be resolved through mediation, including issues relative to both liability and damages. The Mediator may circulate the parties' memoranda with the consent of all parties.

The Mediator shall encourage and assist the parties in reaching settlement of their dispute but will not compel or coerce the parties to enter into a settlement agreement.

Referral of this case to mediation does not delay or modify any scheduling

deadlines without an express order of the Court. Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery.

Pursuant to Fed. R. of Evid. 408, all information disclosed during the mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, must remain confidential, and must not be disclosed to any other party or to the Court, without the consent of the disclosing party. The Mediator may not be called as a witness, nor may the Mediator's records be subpoenaed or used as evidence.

FURTHER, within seven (7) days of completion of the mediation session, the Mediator will electronically file a Facilitative Mediation Report found on the ADR section of the Court's website. Such a post–mediation report is not to contain any additional information which may breach the principles of confidentiality and privacy noted herein.

This referral is not a substitute for trial, and the above–entitled case will proceed to trial in the event settlement is not reached.

CLERK OF COURT

Dated:  March 17, 2026          By:    /s/ Kim M. Davis
                                        Deputy Clerk