UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEI MCCARTY,

     Plaintiff,

v

HERITAGE BROADCASTING GROUP, INC.,
and HERITAGE BROADCASTING COMPANY
OF MICHIGAN,

     Defendants.

Case No. 1:25-CV-01185-RJJ-SJB
Hon. Robert J. Jonker
Magistrate Judge: Sally J. Berens

## ANSWER TO COMPLAINT

Defendants, HERITAGE BROADCASTING GROUP, INC. and HERITAGE

BROADCASTING COMPANY OF MICHIGAN (Broadcasting Group and Broadcasting

Company, respectively), by their attorneys, FOLEY & MANSFIELD, PLLP, file this Answer to

Complaint, stating as follows:

### JURISDICTION

1.     Plaintiff, Sidnei McCarty, (hereinafter referred to as "Plaintiff" or "Ms.

McCarty"), was a resident of the County of Muskegon, in the State of Michigan, at all times

relevant to this action.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

allegations in this paragraph of the Complaint.

2.     Defendant, Heritage Broadcasting Group, Inc. is a for-profit corporation with a

continuous and systematic place of business located in the County of Wexford, State of

Michigan, a registered agent address of 810 Cottageview Drive, Suite G30, Traverse City, MI

49684-2605, and a place of business located at One Broadcast Way, Cadillac, MI 49601.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

**ANSWER:** Broadcasting Group admits the allegations in this paragraph of the Complaint, but denies it is a proper party Defendant in this case because Plaintiff (a) was never employed by Broadcasting Group, (b) had no relationship with Broadcasting Group, and (c) was employed by Broadcasting Company.

3.      Defendant, Heritage Broadcasting Company of Michigan is a for-profit Corporation with a continuous and systematic place of business located in the County of Wexford, State of Michigan, a registered agent address of 810 Cottageview Drive, Suite G30, Traverse City, MI 49684-2605, and a place of business located at One Broadcast Way, Cadillac, MI 49601.

**ANSWER:** Broadcasting Company admits the allegations in this paragraph of the Complaint.

4.      All relevant actions giving rise to this complaint took place in Wexford County in the State of Michigan.

ANSWER: Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

6.      This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

7.     Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

8.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental Plaintiff's state law claims.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over Plaintiff's state law claims so no response to this allegation is necessary.

## FACTUAL ALLEGATIONS

9.     Plaintiff, Sidnei McCarty, is an African American woman that worked for the Defendant as a TV Host and Executive Producer, beginning on or about July 17, 2022.

**ANSWER:** There is no allegation in this paragraph of the Complaint against Broadcasting Group and therefore no answer is required from it. Broadcasting Company denies the allegation Plaintiff worked for the Defendant as a "TV Host," but admits she was employed as an executive producer for Broadcasting Company.

10.    Plaintiff entered into an employment agreement with Defendant to earn a starting salary of $55,000, which was to be paid out biweekly.

**ANSWER:** There is no allegation in this paragraph of the Complaint against Broadcasting Group and therefore no answer is required from it. Broadcasting Company admits the allegations

3

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

in this paragraph of the Complaint.

11.     Plaintiff was subjected to unfair scrutiny, unattainable job expectations, and excessive workloads in comparison to her white counterparts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

12.     In January 2023, human resource representative Leslie Nowlin and manager Dan Firnbach coerced coworker Kayla, administrative assistant, to say that Plaintiff was intimidating, threatening, argumentative, and aggressive toward her during a personal conversation.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

13.     Plaintiff made multiple complaints regarding discrimination and harassment including but not limited to coworkers refusing to work with/collaborate with her, disregarded her EP directives and leadership role, ignored safety concerns from aggressive viewers and staff, and personal belongings being stolen.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits Plaintiff expressed such concerns and it addressed all of them.

14.     Plaintiff's complaints regarding discrimination and harassment were ignored by Defendants.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

4

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

15.    Plaintiff was the only on-air talent not asked to participate in an on-air capacity during staffing shortages, including the Election Period, which is arguably the most challenging time of the year.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint but admits election night is one of the most challenging times of the year.

16.    Plaintiff was instead assigned to the website and marketing analytics.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

17.    Plaintiff was eliminated from pursuing individual projects/promotions while her white coworkers were given promotions and interests were granted.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

18.    Plaintiff was never allowed to contribute to scheduled showtimes with her white coworkers but was required to include her white coworkers Lauren Scafidi, Michael Stephens, Haley Fascietti, and Katy Birecki on the shows that she anchored to promote and monetize their business opportunities.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

5

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

19.     Plaintiff offered to volunteer for pageant judge, hospitality team, and appearances to discuss her experience as a politician, professor, foodie, entrepreneur, but her offers were declined, unlike her white coworkers.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

20.     In Fall 2022, Defendants refused to allow Plaintiff to receive on-air training hosted by the Michigan Broadcasting Association.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

21.     In January 2023, Plaintiff requested accommodations for her diagnosis of scoliosis, PTSD, and vertigo, including but not limited to being able to hear, see, and speak instructions, ask questions, and limited physical mobility.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

22.     Without her requested accommodations, Plaintiff experienced elevated stress levels, migraines, vertigo, heart palpitations, speech impediment, spinal impact, and severe neck and back pains.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

6

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

23.     Plaintiff requests for sick days and medical leave or disregarded, ignored, and denied by Defendants.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

24.     Plaintiff's accommodation requests for her disabilities were disregarded, ignored, and denied by Defendants.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

25.     Plaintiff was labeled as a threat on multiple occasions by Defendants after being falsely accusing [SIC] of using a news story involving a black woman bringing a gun to work to threaten/intimidate other employees.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

26.     On or about February 1, 2023, Plaintiff was terminated after requesting accommodations and making complaints regarding discrimination and harassment.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

27.     Defendants justified its [SIC] termination by comparing Plaintiff to the school

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

shooter at Michigan State University, who was also African American.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

28.    Defendants replaced Plaintiff with a white male and female anchor on the show she produced and hosted.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the final anchors selected were a white male and female.

29.    Since the inception of the show on September 6, 2022, Plaintiff had never been required to seek approval for topics, stories or guests.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

30.    Plaintiff filed a Charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

31.    The charge number for the EEOC is 471-2022-02315.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

32.    The EEOC issued a right to sue letter on June 11, 2025, which was not received

until July 15, 2025, allowing Ms. McCarty ninety (90) days from the date of receipt to file her lawsuit.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

33.     The charges [SIC] to the EEOC claim discrimination based upon Race, Disability, and Retaliation.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

## COUNT I - RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

34.     Plaintiff incorporates by reference all allegations in the proceeding [SIC] paragraphs.

**ANSWER:** Broadcasting Group and Broadcasting Company repeat and reallege their answers to paragraphs 1 through 33 of the Complaint as though set out in full.

35.     42 U.S.C. § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

**ANSWER:** Broadcasting Group and Broadcasting Company admit the allegations in this paragraph of the Complaint, while noting that claims under this statute prohibit discrimination on the basis of race, which Broadcasting Groups has no knowledge of and Broadcasting Company denies.

36.     Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the U.S. Constitution and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

37.    By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, and violation of 42 U.S.C. § 1981.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

38.    The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff experienced included her termination/forced resignation, which broke the contract between the parties.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

39.    The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

40.    As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

10

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

36. [SIC]        As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their [SIC] future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

## COUNT II - RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

41.      Plaintiff incorporates by reference all allegations in the proceeding [SIC] paragraphs.

**ANSWER:** Broadcasting Group and Broadcasting Company repeat and reallege their answers to paragraphs 1 through 40 of the Complaint as though set out in full.

42.      42 U.S.C. § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

**ANSWER:** Broadcasting Group and Broadcasting Company admit the allegations in this paragraph of the Complaint, while noting that claims under this statute prohibit discrimination on the basis of race, which Broadcasting Group has no knowledge of and Broadcasting Company denies.

43.      Defendant's discrimination against Plaintiff as described above is in violation of

11

the rights of Plaintiff afforded her by the First Amendment and the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

44.     By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, to the creation, performance, enjoyment and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

45.     Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when she complained of and opposed unlawful race discrimination.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

46.     The retaliation by Defendant that Plaintiff experienced included her being subjected to unfair heightened scrutiny, isolation, unattainable job expectations, and excessive workloads in comparison to her white counterparts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

47.     The actions of Defendant and its agents were willful, intentional, in deliberate

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

48. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

49. But for Defendant's unlawful discrimination against Plaintiff for opposing race discrimination, Plaintiff would not have suffered damages set forth herein including being disregarded in her respective position and being subject to a hostile work environment.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

50. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their [SIC] future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

## COUNT III - DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE ELLIOTT-LARSON CIVIL RIGHTS ACT, MCL 37.2101, ET SEQ. (ELCRA)

51.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

52.    At all material times, Plaintiff was an employee, and Defendant was an employer covered by, and within the meaning of the ELCRA.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

53.    A respondeat superior relationship existed because Plaintiff's supervisors had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct her daily work activities, as alleged in the statement of facts.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

54.    Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to discriminate against an employee on the basis of race.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

55.    Plaintiff is an African American woman and, as a result, is a member of a protected class for purposes of the ELCRA.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

56.    Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, including but not limited to Defendant disproportionately applying their company policies.

14

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

57.    The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

58.    As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

59.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

60.    Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

## COUNT IV - RETALIATION IN VIOLATION OF THE
## MICHIGAN ELLIOTT-LARSON CIVIL RIGHTS ACT (ELCRA)

61.    Plaintiff incorporates by reference all allegations in the proceeding [SIC] paragraphs.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim

15

and dismissed it so no response to this allegation is necessary.

62.     At all material times, Plaintiff was an employee, and Defendants were employers covered by, and within the meaning of, the Elliott Larson Civil Rights Act, (ELCRA).

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

63.     Defendant's conduct, as alleged herein, violated the ELRCA, which makes it unlawful to retaliate against an employee who has engaged in protected activity.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

64.     A respondeat superior relationship existed because Defendant's employees have the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

65.     Plaintiff engaged in protected activity which took the following actions including but not limited to reporting to Defendants' agents constant discrimination and isolation from her coworkers while being subjected to unfair heightened scrutiny, unattainable job expectations, and extensive workloads in comparison to her white counterparts.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

66.     Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior, because she reported the issue directly to an agent of defendant.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

67.     After Plaintiff engaged in protected activity, Defendant's agents thereafter took the adverse employment actions against Plaintiff, as alleged in the statement of facts, which included forcing Plaintiff's termination.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

68.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

69.     Plaintiff notified Defendant and its agents of the one welcomed conduct and communication; however, Defendant failed to remedy the same.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

70.     As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

71.     As a result of those actions and consequent harms, Plaintiff has suffered damages in an amount to be proven at trial.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

**COUNT V - DISCRIMINATION ON THE BASIS OF RACE
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964, 42 U.S.C. § 2000e ET SEQ. (Title VII)**

17

72.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** Broadcasting Group and Broadcasting Company repeat and reallege their answers to paragraphs 1 through 71 of the Complaint as though set out in full.

73.    At all material times, Defendant was an employer, and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

**ANSWER:** Broadcasting Group denies the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

74.    Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's skin color.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

75.    A respondeat superior relationship existed because Defendant and its agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

76.    Moreover, a respondeat superior relationship existed because Defendant and its agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities, as alleged in the statement of facts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

18

allegations in this paragraph of the Complaint.

77.     Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

**ANSWER:** Broadcasting Group and Broadcasting Company admit the allegations in this paragraph of the Complaint.

78.     Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, as set forth in the facts section above, including but not limited to treating her differently and holding her to a different standard than those who were not African American, and other such facts as set forth in this complaint, culminating in her termination.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

79.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

80.     Plaintiff notified Defendant, through its agents, of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication, including but not limited to subjecting her to worse treatment than her colleagues, on the basis of her race.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

allegations in this paragraph of the Complaint.

81.    The unwelcome conduct or communication was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

82.    As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

**COUNT VI (INCORRECTLY IDENTIFIED AS A SECOND COUNT V) - RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ. (Title VII)**

83.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** Broadcasting Group and Broadcasting Company repeat and reallege their answers to paragraphs 1 through 82 of the Complaint as though set out in full.

84.    At all material times, Defendant was an employer and Plaintiff an employee, covered by, and within the meaning of Title VII.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint.

85.    Defendant's conduct, as alleged herein, violated title VII of the Civil Rights Act

20

of 1964, which makes it unlawful to retaliate against an employee for engaging in protected activity.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

86.    A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

87.    Plaintiff engaged in protected activity when she took the following actions, including but not limited to, reporting discrimination against her such as being subjected to unfair heightened scrutiny, isolation, unattainable job expectations, and excessive workloads in comparison to her white counterparts.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

88.    Defendant, through its employees, had knowledge that Plaintiff engaged in protected behavior, because they were present for the actions in question and/or Plaintiff reported directly to Defendant's agents.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

21

89.      Defendant and/or its agents took adverse employment actions against Plaintiff, including but not limited to terminating him [SIC].

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph of the Complaint and terminated Plaintiff's employment for non-discriminatory justifiable reasons.

90.      But for Plaintiff's participation in protected activity, Defendant would not have taken said adverse employment actions against Plaintiff.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

91.      Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

92.      As a proximate result of Defendant's retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

93.      As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved [SIC] at trial.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

94.    Plaintiff requests belief as described in the Prayer for Relief below.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

## COUNT VII - (INCORRECTLY IDENTIFIED AS COUNT VI) – DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE ONE OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. §12 101, ET SEQ. (ADA)

95.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** Broadcasting Group and Broadcasting Company repeat and reallege their answers to paragraphs 1 through 94 of the Complaint as though set out in full.

96.    At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the ADA.

**ANSWER:** Broadcasting Group denies the allegations in this paragraph of the Complaint. Broadcasting Company admits the allegations in this paragraph on the Complaint.

97.    A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

98.    Plaintiff informed Defendant of her diagnosis of scoliosis, PTSD, and vertigo disability within the meaning of the ADA.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

23

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

allegations in this paragraph of the Complaint.

99.    Plaintiff's disabilities under the ADA are qualified, meaning that, with reasonable

accommodation, she can perform the essential functions and duties of his [SIC] job.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

allegations in this paragraph of the Complaint.

100.    Section 12112(a) of the ADA, makes it illegal to "discriminate against a qualified

individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment."

**ANSWER:** Broadcasting Group and Broadcasting Company admit the allegations in this

paragraph of the Complaint.

101.    Plaintiff was discriminated against on the basis of her disability when Defendant

treated her differently based upon her disability and treatment related to that disability.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

allegations in this paragraph of the Complaint.

102.    Defendant's unlawful employment practices were done intentionally, with malice,

or with reckless indifference to Plaintiff's rights.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the

allegations in this paragraph of the Complaint.

103.    But for Defendant's illegal discrimination, Plaintiff would not have been damaged

<div align="center">24</div>

nor [SIC] discharged.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

104.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

105.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

106.    Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegations in this paragraph of the Complaint.

### COUNT VIII - DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITY ACT, MCL 37.1201, ET SEQ. (PWDCRA)

107.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

25

108.    At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the PWDCRA.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

109.    A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff daily work activity.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

110.    Plaintiff has a disability within the meaning of the PWDCRA.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

111.    Plaintiff's disability is qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

112.    MCL 37.1202(b) makes it illegal to, "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of the disability … that is unrelated to the individual's ability to perform the duties of a particular job or position."

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

113.    Plaintiff was discriminated against on the basis of her disability when Defendant treated her differently based upon her disability and treatment related to that disability.

26

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

114.    Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

115.    But for Defendant's illegal discrimination Plaintiff would not have been damaged.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

116.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

### COUNT IX - (INCORRECTLY IDENTIFIED AS COUNT VII) – WRONGFUL DISCHARGE IN VIOLATION OF MICHIGAN PUBLIC POLICY

117.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

118.    It is the long-standing public policy of the state of Michigan that there are three exceptions to the employment at-will doctrine, and an employer can be found to be liable for wrongful discharge. They are:

      a.    explicit legislative statements prohibiting the discharge, discipline or other adverse treatment of employees who act in accordance with a statutory right or duty;

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

27

b.      where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course or [SIC] employment; and

c.      where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

119.   Plaintiff's discharge came as a result of his [SIC] reporting discrimination, unfair treatment, excessive workloads, and isolation in comparison to her white coworkers.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

120.   While there is no explicit statute that forbids companies such as Defendant from ignoring the complaints of its employees who submit complaints similar to Plaintiff's, but this failure to take action should not be permitted, and Plaintiff should not have been terminated for complaining about the same and requesting relief.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

121.   As a result of Defendant's actions, and consequent harms caused, Plaintiff has suffered such damages in an amount to be proven at trial.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

122.   Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER:** The Court has declined to accept Supplemental Jurisdiction over this state law claim and dismissed it so no response to this allegation is necessary.

28

**PRAYER FOR RELIEF**

Plaintiff, Sidnei McCarty, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1.     Compensatory damages and will never amount to which Plaintiff is entitled;

2.     Exemplary damages in whatever amount which Plaintiff is entitled;

3.     An award of lost wages in the value of fringe benefits, past and future;

4.     An award of interest, costs and reasonable attorney fees; and

5.     An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Broadcasting Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. Broadcasting Company denies the allegation that Plaintiff is entitled to any of the relief she has requested because it is not supported by the facts pertaining to this case.

WHEREFORE, Defendants, HERITAGE BROADCASTING GROUP, INC. and HERITAGE BROADCASTING COMPANY OF MICHIGAN, respectfully pray that this Hon. Court enter judgment against Plaintiff on behalf of both defendants and award them costs and attorney fees wrongfully incurred in connection with the defense of this case.

Respectfully submitted,
**Foley & Mansfield, PLLP**


*/s/ Howard I. Wallach*
**HOWARD I. WALLACH** (P29921)
Attorney for Defendants
130 East 9 Mile Rd
Ferndale, Michigan 48220
O - 248-721-8161
F - 248-721-4201
hwallach@foleymansfield.com
P29921

Dated: March 27, 2026

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on March 27, 2026, I electronically filed the foregoing Answer to Complaint via the Court's CM/ECF System, which will automatically give notice of the filing to all registered participants in this matter.

Respectfully submitted,
**Foley Mansfield**

*/s/ Krista Woerfel*

**Krista Woerfel**
Legal Administrative Assistant
130 East 9 Mile Rd
Ferndale, Michigan 48220
O - 248-721-8161
F - 248-721-4201
kwoerfel@foleymansfield.com

Dated: March 27, 2026

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEI MCCARTY,

     Plaintiff,

v

HERITAGE BROADCASTING GROUP, INC.,
and HERITAGE BROADCASTING
COMPANY OF MICHIGAN,

     Defendants.

Case No. 1:25-CV-01185-RJJ-SJB
Hon. Robert J. Jonker
Magistrate Judge: Sally J. Berens

**SPECIAL AND AFFIRMATIVE DEFENSES**

Defendants, HERITAGE BROADCASTING GROUP, INC. and HERITAGE BROADCASTING COMPANY OF MICHIGAN, hereby give notice of the following anticipated Special and Affirmative Defenses in this matter.

1.     Plaintiff has failed to state a claim upon which relief may be granted in whole or in part.

2.     Plaintiff's claims are barred because there is no genuine issue of material fact as to any of the claims alleged by her against either Defendant.

3.     Plaintiff's federal claims are barred because she failed to file them within the time provided in the EEOC's right to sue letter, which acts as a statute of limitations.

4.     Plaintiff was never an employee of Heritage Broadcasting Group, Inc.

5.     Heritage Broadcasting Company Michigan (Broadcasting Company) acted in good faith at all times and in accordance with all applicable laws pertinent to the events referred to in the Complaint.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

6.      Broadcasting Company acted in a non-retaliatory and non-discriminatory manner toward Plaintiff at all times during her employment by it. Further, Plaintiff violated company policies and breached her contract.

7.      Plaintiff's claims are barred because Broadcasting Company's decisions were made for legitimate, non-discriminatory reasons.

8.      Plaintiff's claims are barred, in whole or in part, by Broadcasting Company's "honest belief" and business judgment.

9.      Plaintiff's claims are barred because Broadcasting Company did not engage in any of the alleged discriminatory or retaliatory events alleged against it.

10.     Plaintiff was not treated differently or disparately from other similarly situated Broadcasting Company employees.

11.     Plaintiff is unable to establish any adverse action taken by Broadcasting Company with respect to her employment by it that was not justified by the facts.

12.     Plaintiff's claims must be dismissed and/or are otherwise barred by the doctrines of waiver, release, latches, estoppel, unclean hands, implied in/or express consent, implied in/or express statutory authority and/or privilege.

13.     Plaintiff's claims are barred because of her failure to comply with applicable employment policies and procedures.

14.     Plaintiff's claims are barred because there is no actual or proximate causal relationship between Broadcasting Company's alleged actions and/or inaction and Plaintiff's alleged damages.

15.     Plaintiff's claims are barred or offset because she failed to mitigate her damages.

16.     The damages Plaintiff purportedly sustained, if any, were the result of the acts, omissions and/or negligence of Plaintiff.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

2

17.     Plaintiff does not have clean hands and is therefore not entitled to equitable relief in this case.

18.     Plaintiff's claims are barred in whole or in part by the "after-acquired evidence" doctrine.

19.     Broadcasting Company relies upon its compliance with the standard of reasonable care recognized by law and by the community at large as governing its activities.

20.     Broadcasting Company abided by all internal policies involving Plaintiff's employment.

21.     Plaintiff was not subjected to any disparate treatment during her employment by Broadcasting Company or Broadcasting Group.

22.     Plaintiff was not subjected to any discrimination of any kind during the course of his employment by Broadcasting Company.

23.     Plaintiff did not request a workplace accommodation from Broadcasting Company.

24.     Plaintiff did not inform Broadcasting Company of her purported medical diagnosis of scoliosis, PTSD, vertigo, any hearing problem, eyesight problems, speech impediment, limited physical mobility, heart palpitations, elevated stress, migraines, or severe neck and back pains nor did she provide Broadcasting Company with any documentation regarding such purported medical issues or recommendations from medical professionals regarding those issues, with the exception of one letter from a chiropractor that indicated she could return to work the day the letter was issued.

25.     Plaintiff did not request, initiate, attempt or otherwise engage in an interactive process concerning any of her purported medical issues, which were not shared with Broadcasting Company, so Broadcasting Company was not given the opportunity to recommend entering into the interactive process.

3

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

26.    Broadcast Group and Broadcast Company are not joint employers or an integrated enterprise.

27.    Broadcast Group and Broadcasting Company reserve the right to amend these Special and Affirmative Defenses as additional information becomes known.

<div style="margin-left:50%">

Respectfully submitted,
**Foley & Mansfield, PLLP**

*/s/ Howard I. Wallach*

**HOWARD I. WALLACH** (P29921)
Attorney for Defendants
130 East 9 Mile Rd
Ferndale, Michigan 48220
O - 248-721-8161
F - 248-721-4201
hwallach@foleymansfield.com
P29921

</div>

Dated: March 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing Answer to Complaint via the Court's CM/ECF System, which will automatically give notice of the filing to all registered participants in this matter.

<div style="margin-left:50%">

Respectfully submitted,
**Foley Mansfield, PLLP**

*/s/ Krista Woerfel*

**Krista Woerfel**
Legal Administrative Assistant
130 East 9 Mile Rd
Ferndale, Michigan 48220
O - 248-721-8161
F - 248-721-4201
kwoerfel@foleymansfield.com

</div>

Dated: March 27, 2026

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

4